UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06452-RGK-JC | Date | August 29, 2025 |
|---|---|---|---|
| Title | *Jorge Berganza v. Nissan* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy

On June 13, 2025, Jorge Berganza ("Plaintiff") filed a Complaint against Nissan North American, Inc. ("Defendant") in state court alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*) and California Business and Professions Code. Plaintiff's allegations arise from a January 17, 2022, acquisition of a 2022 Nissan Frontier ("Vehicle") from Defendant. On July 15, 2025, Defendant removed the action to federal court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff seeks incidental and consequential damages, civil penalties, and attorneys' fees and costs. In the Notice of Removal, Defendant states that the MSRP is $33,450, and mileage offsets total

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06452-RGK-JC | Date | August 29, 2025 |
|---|---|---|---|
| Title | *Jorge Berganza v. Nissan* | | |

$2,151.95. Therefore, with the inclusion of the value of injunctive relief and attorney's fees, the amount in controversy exceeds the jurisdictional threshold.

Defendant, however, fails to plausibly allege that the amount in controversy exceeds $75,000. The MSRP minus offset equals $31,298.05. However, Defendant does not state the amount Plaintiff has actually paid. Therefore, $31,298.05 is the maximum starting point, and falls well below the jurisdictional threshold. While civil penalties and attorneys' fees are available for willful failure to comply with the Act, Defendant has not offered any evidence to support such an award. The Court declines to speculate as to what this award might be.

For the foregoing reasons, Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the jurisdictional requirements are or are not satisfied. The response **shall not exceed five pages** and must be submitted no later than **September 4, 2025.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/vc |